**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peregrine Network Inc., f/k/a Slingshot Communications | No. CV-10-2653-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Global Communications Services Inc., an Arizona corporation; David Vindici, | |
| Defendants. | |

The Court, *sua sponte*, gave the parties an opportunity to brief the existence (or nonexistence) of federal subject matter and the appropriateness of removal to this Court. For the reasons stated below, the Court remands this case to the state court.

**I.    BACKGROUND**

On or about December 7, 2010, Plaintiff filed an action under seal in the Superior Court of Maricopa Court alleging breach of contract and unfair competition/misappropriation of trade secrets. Plaintiff also sought a restraining order against Defendants. (Doc. # 9-1, Ex. 1.)

The superior court granted Plaintiff's request for a temporary restraining order, which was set to expire on December 14, 2010 at 10:30 a.m. (Doc. # 9-1, Ex. 4.) On December 13, 2010, Defendants filed a notice of removal to federal court pursuant to 28 U.S.C. §§ 1331,

1338, 1441, 1446 and 35 U.S.C. §§ 281 *et seq.* (Doc. # 1.)

The parties entered into a Stipulation for Temporary Extension of the Temporary Restraining Order (the "TRO"), which extended the TRO to 5:00 p.m. on December 14, 2010. (Doc. # 10.) On December 14, 2010 at 4:00 p.m., a hearing was held before this Court concerning the TRO and the removal of this action to federal court. The Court ordered that the TRO, as modified during the hearing, remain in effect for 28 days from December 14, 2010, and set a briefing schedule on the issue of federal subject matter jurisdiction.. (Doc. # 11.) On January 5, 2011, the Court granted the parties' request to extend the TRO for to February 8, 2011. (Doc. # 20.) A preliminary injunction hearing is scheduled for January 27, 2011. (*Id.*)

The parties have reached a settlement on the issues and are attempting to document a settlement agreement. (Doc. # 21 at p. 1.)

**II.   DISCUSSION**

Defendants seek removal based on federal question jurisdiction, specifically relating to the Court's original jurisdiction of any civil action relating to patents. (Doc. # 1, 21.) The removal statute provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). However, there is a "strong presumption" against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

The Court has subject matter jurisdiction over cases arising under federal law. 28 U.S.C. § 1331. It is well established that "a case 'arises under' federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint." *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 821 (9th Cir. 1985). "The federal question 'must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'" *Id.*

at 822 (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936)). Further, "[r]emovability cannot be created by defendant pleading a counter-claim presenting a federal question under 28 U.S.C. § 1331." *Rath Packing Co. v. Becker*, 530 F.2d 1295, 1303 (9th Cir.1975), *aff'd sub nom. Jones v. Rath Packing Co.*, 430 U.S. 519 (1977).

Here, Plaintiff filed breach of contract and unfair competition claims in state court. (Doc. # 9-1, Ex. 1.) These claims are governed entirely by state law and do not raise a federal question. Defendants attempt to invoke federal question jurisdiction in the notice of removal by claiming that this Court has original and exclusive jurisdiction pursuant to 28 U.S.C. § 1338. (Doc. # 1 at p. 2.) According to the notice of removal, the TRO prevents Defendants from challenging any of Plaintiff's patents, and, as a result, Plaintiff "is seeking a judicial determination that its alleged patents are valid to the extent that they cannot be challenged." (*Id.* at p. 3–4.) These allegations do not create a basis for federal question jurisdiction, because they do not appear on the face of Plaintiff's complaint. Plaintiff's complaint does not seek a judicial determination concerning the validity of its patents, does not claim its patents have been infringed, and does not seek any relief under title 35 of the United States Code. Plaintiff's claims arise under state law. Even if Defendants were to assert a counterclaim alleging that Plaintiff's patents are invalid, this would not create federal subject matter jurisdiction. *See Rath Packing*, 530 F.2d at 1303.

In its brief, Defendant argues that federal patent law creates the cause of action, because Plaintiff's right to relief depends on resolution of a substantial question of federal patent law. (Doc. # 21 at pp. 4–5.) The Court disagrees. Defendant characterizes the Complaint as requiring a determination as to whether the settlement agreement entered into between Plaintiff and Defendant prohibits Defendant from litigating the validity of Plaintiff's patent, and this issue is "intertwined" with federal patent law. (*Id.* at p. 5.) Contrary to the plaintiffs in the cases cited by Defendant, Plaintiff has not asserted any claims based on federal patent law, and the interpretation of contract, *i.e.*, breach of the settlement agreement, is not a federal question. *See Baseload Energy, Inc. v. Roberts*, 619 F.3d 1357, 1358 (Fed. Cir. 2010) (holding that a settlement agreement did not release claims of infringement or

1 defenses of invalidity and unenforceability in a declaratory action seeking the declaration of
2 a patent as unenforceable and invalid); *Flex-Foot, Inc. v. CRP, Inc.*, 238 F.3d 1362, 1363–64
3 (Fed. Cir. 2001) (holding that the defendant was collaterally estopped from presenting its
4 patent invalidity defenses and counterclaim in a patent infringement action filed by the
5 plaintiff). Defendant cannot cite to any part of Plaintiff's Complaint alleging claims under
6 federal patent law.

7 Accordingly, the Court finds that there is no federal jurisdiction under 28 U.S.C. §
8 1331. Further, because the Court does not have subject matter jurisdiction, the Court does
9 not have jurisdiction to enforce the terms of a settlement agreement, if any, entered into in
10 connection with this action.

11 **IT IS ORDERED** remanding this case to state court for lack of federal subject matter
12 jurisdiction.

13 **IT IS FURTHER ORDERED** that the Motion for Extension of Time to File Superior
14 Court Pleadings and Other Documents and Motion to File Documents from Superior Court
15 Under Seal (Doc. # 7) and the Unopposed Motion Seeking an Extension of Date (Doc. # 23)
16 are **DENIED** as moot.

17 **IT IS FURTHER ORDERED** that the (Unopposed) Notice of Settlement and Motion
18 to Vacate Deadlines and Stay Proceedings (Doc. # 22) is **DENIED** without prejudice to be
19 filed in state court.

20 **IT IS FINALLY ORDERED** that the hearing scheduled for January 27, 2011 is
21 **VACATED**.

22 DATED this 11th day of January, 2011.

James A. Teilborg
United States District Judge